IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DONALD FELDER,

                Petitioner

VS.

PAUL THOMPSON, WARDEN,

                Respondent

NO. 5:06-CV-253 (DF)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Respondent PAUL THOMPSON, WARDEN, has filed a motion to dismiss the petitioner DONALD FELDER's habeas corpus petition, claiming that it is untimely filed pursuant to the AEDPA's one year statute of limitations. Tab #8. After being advised of his right to do so, petitioner FELDER responded to the respondent's motion. Tab #12.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Petitioner FELDER contends that even though he filed his petition **sixteen months** after his conviction became final, the court should find his motion timely filed because he used reasonable diligence in pursuing his case. However, the petitioner cites no legal precedent for his argument; nor does he provide any legal support for his statement that "AEDPA restrictions do not apply 'where petitioner acts with reasonable diligence' unsuccessfully attempting to develop the claims in court." Tab #12 at ¶3. Apparently, petitioner FELDER is referring to that portion of 28 U.S.C. §§ 2254(d)(1)(C) & (D) dealing with a petitioner's need to use reasonable or due diligence when finding a change in a factual predicate or law surrounding his case, from which the one year statute of limitations will begin to run pursuant to the AEDPA. *See Aron v. U.S.*, 291 F.3d 708 (11th Cir. 2002). However, both the law and factual predicate regarding petitioner FELDER'S incarceration are unchanged since his original filing for a post-conviction relief.

Since the petitioner's legal argument is unsupported and since his petition was filed four months after the one year period applicable under the AEDPA, IT IS RECOMMENDED that respondent's motion (Tab #8) be GRANTED and that this proceeding be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 20th day of OCTOBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE